UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| VAN JUILLERAT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:15-CV-98-TLS |
| THE TOWN COUNCIL OF ANDREWS, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 11] filed by the Defendants. For the reasons stated in this Opinion and Order, the Court will grant in part and deny in part the Defendants' Motion.

**BACKGROUND**

The Plaintiff filed this action in the Huntington Circuit Court, Huntington County, Indiana, on March 24, 2015 [ECF No. 2]; and the Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on April 27, 2015 [ECF No. 1]. According to the Complaint, on March 10, 2013, the Plaintiff served as Town Marshal, or the "Chief Police Officer," for the Town of Andrews. (Compl. 3.) On March 11, 2013, the three-member town council—which included Defendants Raymond Tackett and John Harshbarger—conducted a regularly scheduled meeting, at which Harshbarger moved to replace the Plaintiff as Town Marshal due to "insubordinat[ion]." (*Id.* 4–5.) Although Tackett seconded the motion, council member Michael Rohler said he "was not aware . . . of any problems [with the Plaintiff] to which Harshbarger alluded." (*Id.* at 3.) Harshbarger "then presented Rohler with a document containing

what . . . [Harshbarger] considered to be insubordinate actions on the part of [the Plaintiff]."[1] (*Id.* at 4.) The town council then scheduled a special meeting on March 19, 2013, at which the council determined, by a vote of 2 to 1, that the Plaintiff was demoted to Deputy Marshal, effective immediately.

The Plaintiff asserts six claims against the Defendants, including a violation of Ind. Code § 36-8-3-4 (Count 1); defamation (Count II); a deprivation of constitutional rights under 42 U.S.C. § 1983 (Counts III and IV); a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 216–17 (Count V); and civil conspiracy under 42 U.S.C. § 1985(3) (Count VI). On June 3, 2015, the Defendants filed a Motion to Dismiss [ECF No. 11] and an accompanying Memorandum in Support [ECF No. 12], in which the Defendants seek dismissal of all six counts. The Defendants contend, in part, that Counts II–VI of the Plaintiff's Complaint should be dismissed because the Plaintiff did not file his Complaint within the applicable statutes of limitations. On August 5, 2015, the Plaintiff filed a Response [ECF No. 15], which includes a sworn affidavit from the Plaintiff's counsel, Kerry M. Hultquist, wherein Mr. Hultquist makes certain statements as to the timing of the Plaintiff's Complaint. The Defendants then filed a Reply [ECF No. 21] on September 9, 2015; and a Supplemental Designation of Evidence [ECF No. 22] on September 11, 2015, which includes a sworn affidavit of Lisa T. Moore, an employee of the United States Postal Service, along with mailing receipts.

On December 8, 2015, the Court issued an Order [ECF No. 23] notifying the parties that, based on their filing of evidentiary materials outside of the pleadings, a review of such materials

---

[1] According to the Plaintiff, this document is the subject of a separate lawsuit pending in the Huntington Circuit Court, Huntington County, Indiana.

"may be necessary to determine whether the dismissal of Counts II–VI is appropriate due to violations of the applicable statute of limitations." (Order 2.) In accordance with Federal Rule of Civil Procedure 12(d), the Court granted the parties an opportunity to present additional responsive briefing materials that are pertinent to the Defendants' Motion. The Plaintiff filed a Response [ECF No. 26] on February 26, 2016; and the Defendants filed a Reply [ECF No. 27] on March 18, 2016. This matter is now fully briefed and ripe for ruling.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

> It is, of course, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

*Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006). Thus, when the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations," it

3

is not premature to dismiss a complaint that does not anticipate an affirmative defense. *Lewis*, 411 F.3d at 842; *see also Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

Although both parties have presented evidentiary materials outside of the pleadings—which, in turn, prompted the Court to anticipate converting the Defendants' Motion to Dismiss to one for Summary Judgment, *see* Fed. R. Civ. P. 12(d) (mandating that if matters outside the pleadings are presented on a motion under Rule 12(b)(6) or Rule 12(c) and are not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56"—the Court will, nevertheless, exercise its discretion by excluding the evidentiary materials at this early stage of the litigation. *See* 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.) (noting that a district court judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); *id.* at 165, 167 (noting that courts are guided by whether consideration of materials outside of the pleadings "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary); *see also Spiegel v. Judicial Att'y Servs., Inc.*, No. 09 C 7163, 2010 WL 5014116, at *2 (N.D. Ill. Dec. 3, 2010). Given the circumstances presented—including the limited discovery undertaken thus far—the Court finds that exclusion will best facilitate the disposition of this action. The Court will therefore review the Plaintiff's

claims under the Rule 12(b)(6) standard.

## DISCUSSION

A.   **Violation of Ind. Code § 36-8-3-4 (Count I)**

First, the Defendants argue that the Plaintiff has waived any claim under Ind. Code § 36-8-3-4, which governs the disciplinary procedures for a member of a local police or fire department. The statute provides that "[b]efore a member of a police or fire department may be . . . demoted . . . the safety board shall offer the member an opportunity for a hearing" and enter "specific findings of fact" as to the reasons for the demotion]. § 36-8-3-4(c) & (f). The statute also provides, however, that judicial review of a safety board decision must be sought by filing a verified complaint in state court "within thirty (30) days after the date the decision is rendered." § 36-8-3-4(f); § 36-8-3-4(g) ("The decision of the safety board is final and conclusive upon all persons not appealing."). It is undisputed that the Plaintiff did not file an appeal within the 30-day statutory limit prescribed by § 36-8-3-4(f).

Indiana courts have held that a "failure to follow statutory procedures for perfecting appeals results in a jurisdictional defect which precludes judicial review of an administrative adjudication." *Cox v. Town of Rome City*, 764 N.E.2d 242, 247 (Ind. Ct. App. 2002) (citation omitted); *Dennis v. Bd. of Pub. Safety of Fort Wayne*, 944 N.E.2d 54, 59 (Ind. Ct. App. 2011). Although state law does not define the subject-matter jurisdiction of the federal courts, compliance with state jurisdictional requirements is "a predicate for a state law claim." *Mary Doe v. Lance*, No. 3:95-CV-736RM, 1996 WL 663159, at *5 (N.D. Ind. Oct. 30, 1996); *see also D.D. ex rel. R.D. v. Gary Cmty. Sch. Corp.*, No. 2:09 CV 78 JM, 2009 WL 3241592, at *3 (N.D.

5

Ind. Sept. 28, 2009) (discussing the filing of a notice under the Indiana Tort Claims Act and holding that "whether the state law jurisdictional requirements have been met is a threshold inquiry for stating a claim under the state's substantive law.").

In his Response, the Plaintiff argues that he was not required to follow the procedural requirements of § 36-8-3-4(f) because, in relevant part, a plaintiff "bringing a claim under 42 U.S.C. § 1983 need not first pursue state judicial relief in the state courts." (Resp. 6 (citing *Monroe v. Pape*, 365 U.S. 167, 184 (1961).) While this assertion is true in the context of a § 1983 claim, *see, e.g.*, *Baker v. Wash. Bd. of Works*, No. IP 99–0642–C–T/G, 2000 WL 33252101, at *4–5 (N.D. Ind. June 8, 2000), the Plaintiff is not alleging a § 1983 claim in Count I. He is alleging a state claim under § 36-8-3-4, and is constricted by the statute's express jurisdictional requirements. *See Cox*, 764 N.E.2d at 247 (dismissing a claim under § 36-8-3-4 for lack of subject matter jurisdiction due to the plaintiff's failure to file an appeal within the 30-day time limit); *see also Gary Comm. Sch. Corp.*, 2009 WL 3241592, at *3; *Mary Doe*, 1996 WL 663159, at *5. By failing to seek redress in an Indiana court within 30 days after the Town Council rendered its decision, the Plaintiff has not satisfied a necessary predicate for a claim under § 36-8-3-4. Count I is dismissed.

### B. Statute of Limitations Defenses (Counts II–VI)

Next, the Defendants seek the dismissal of Counts II–VI—i.e., defamation (Count II); a deprivation of constitutional rights under 42 U.S.C. § 1983 (Counts III and IV); a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 216–17 (Count V); and civil conspiracy under 42 U.S.C.

§ 1985 (Count VI)—for non-compliance with the applicable statutes of limitations.[2]

The Plaintiff's claims arise under federal and state law, creating a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction). Under the familiar rule of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)—which is applicable to state law claims that are brought through supplemental jurisdiction, *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2012)—the Court must apply Indiana's statute of limitations for the Plaintiff's claims arising under Indiana law. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945). Moreover, the Court is required to apply the state statute of limitations for certain federal claims lacking an express limitations period. *Sentry Corp. v. Harris*, 802 F.2d 229, 232 (7th Cir. 1986)

In their briefs, neither party disputes that Counts II–VI are subject to a two-year statute of limitations. *See* Ind. Code § 34-11-2-4(a) (establishing a two-year statute of limitations for personal injury actions, including defamation actions), *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996) (finding that a civil rights action under § 1983 is governed by Indiana's two-year statute of limitations for personal injury actions), 29 U.S.C. § 255(a) (establishing a two-year statute of limitations for FLSA actions based on a non-willful violation);[3] and *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699–700 (7th Cir. 2005) (finding that a civil rights action under § 1985 is governed by Indiana's two-year statute of limitations for personal injury actions). The Defendants argue that Counts II–VI are untimely because the Plaintiff's allegations

---

[2]The Defendants also seek dismissal of Count VI for failure to state a claim, which the Court discusses in subsection C.

[3]The statute provides a three-year statute of limitations for FLSA actions "arising out of a willful violation." 29 U.S.C. § 255(a)

7

derive from conduct occurring between March 11, 2013, and March 19, 2013; yet the Plaintiff's Complaint was not filed until March 24, 2015. The Plaintiff, on the other hand, argues that Counts II–VI are timely because the Complaint was mailed (via certified mail) on March 10, 2015. (Resp. 8 (citing Indiana Trial Rule 5(f) (establishing that "[f]iling by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit.")).)

As the Court previously noted, dismissing a complaint as untimely under Rule 12(b)(6) is an "unusual step since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerburus Capital Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense," the issue of timeliness is more appropriately determined "on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester*, 782 F.3d 922, 928 (7th Cir. 2015) (citing *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (reversing dismissal because, "at this stage, the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations, and that possibility exists") and *Cancer Found.*, 559 F.3d at 674–75 ("[D]ismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.")).

Based on the parties' pleadings, the Court cannot declare, as a matter of law, that Counts II–VI are untimely under the applicable statutes of limitations. Absent the Plaintiff pleading himself out of court by "set[ting] forth everything necessary to satisfy the [statute of limitations] affirmative defense," *Lewis*, 411 F.3d at 842—which the Plaintiff has not done—the proper course is for the parties to have an opportunity to conduct additional discovery and to present the Court with a more complete factual record. At that time, the Court may be in a better position to

determine (if necessary) whether a violation(s) of the applicable statutes of limitations has occurred. But until then, the Defendants' statute of limitations defenses do not provide a sufficient ground for dismissal at this early stage of the litigation.

C.     **Civil Conspiracy (Count VI)**

Lastly, notwithstanding the Plaintiff's alleged failure to comply with the applicable statute of limitations for a civil conspiracy claim under 42 U.S.C. § 1985(3), Count VI must be dismissed for a failure to state a claim.

In his Complaint, the Plaintiff alleges that the Defendants engaged in an unlawful civil conspiracy through their actions leading up to the Plaintiff's demotion on March 19, 2013. Although "conspiracy is not an independent basis of liability in § 1983 actions," *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008), a party may recover damages under § 1985(3) if two or more persons conspire for the purpose of depriving the plaintiff of the equal protection of the laws. *See Xiong v. Wagner*, 700 F.3d 282, 297 (7th Cir. 2012). Specifically, to recover under § 1985(3), a party must establish:

> (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.

*Id.* (quoting *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000)). Of particular relevance here, to establish the purpose of the conspiracy under prong two, "a plaintiff must demonstrate racial, ethnic, or other class-based 'invidiously discriminatory animus behind the conspirators' actions.'" *Id.* (quoting *Brokaw*, 235 F.3d at 1024); *see also Smith*, 550 F.3d at 617 (noting that a conspiracy under § 1985(3) "must be motivated by racial, or other class-based

9

discriminatory animus").

As the Defendants correctly note, the Plaintiff has not alleged that the Defendants' actions were motivated by racial or other class-based discriminatory animus. Moreover, the Plaintiff has not responded by seeking leave to file an amended complaint or by making any other attempt to supplement his § 1985(3) claim with additional facts or allegations. Instead, he argues that he "should be entitled to conduct discovery in an effort to determine whether the conspiracy against him was motivated by any racial or class animus." (Resp. 11.) As the Seventh Circuit has observed, allowing a claim "to proceed absent factual allegations that match the bare-bones recitation of the claim['s] elements would sanction a fishing expedition costing both parties, and the court, valuable time and resources." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 604 (7th Cir. 2009). Without factual allegations to support the basic elements of a § 1985(3) claim, Count VI must be dismissed.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART the Defendants' Motion to Dismiss [ECF No. 11]. Counts I and VI are DISMISSED.

SO ORDERED on April 27, 2016.

                                 s/ Theresa L. Springmann
                                 THERESA L. SPRINGMANN
                                 UNITED STATES DISTRICT COURT