# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| VAN JUILLERAT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00098-TLS-SLC |
| | ) | |
| TOWN COUNCIL OF ANDREWS, | ) | |
| INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The discovery period closed in this case on June 30, 2017 (DE 40), and the original referral to the undersigned Magistrate Judge was terminated on October 16, 2017 (DE 54). After a non-dispositive issue arose, Chief Judge Theresa Springmann referred the case back to the Magistrate Judge on March 9, 2018, for determination of all non-dispositive motions. (DE 61).

Now before the Court is a Motion to Compel and for Extension of Time to Respond to Defendants' Motion for Summary Judgment and for Sanctions (DE 58) filed by Plaintiff on January 22, 2018. Defendants filed a response (DE 59) to the motion on January 30, 2018. Plaintiff has not filed a reply, and his time to do so has now passed. N.D. Ind. L.R. 7-1(d)(2)(B).

In the motion, Plaintiff asks that the Court compel Defendants to produce a document that the Huntington Circuit Court ordered Defendants to produce on June 6, 2016 (DE 59-2), and that Plaintiff also requested in a Request for Production of Documents served to Defendants on June 27, 2017. (DE 58 ¶¶ 13, 15). Additionally, Plaintiff seeks an extension of time in which to respond to Defendants motion for summary judgment (DE 56) filed on December 14, 2017, contending that it is impossible for him to respond to the summary judgment motion without

receipt of this document (DE 58 ¶ 19). Plaintiff also asks that the Court award him the attorney fees he incurred in filing the motion to compel. (DE 58 ¶ 24).

Plaintiff's motion, however, is patently deficient because he failed to file a separate Local Rule 37-1 certification, stating that his counsel has conferred in good faith or attempted to confer with Defendants' counsel in an effort to resolve the matter without Court action. N.D. Ind. L.R. 37-1(a). The certification must state the date, time, and place of the conference or attempted conference and the names of all persons participating therein. N.D. Ind. L.R. 37-1(a). "The requirement to meet-and-confer must be taken seriously, because [b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2010 WL 2427571, at *4 (N.D. Ind. June 4, 2010) (alteration in original) (citations and internal quotation marks omitted).

Plaintiff's motion is deficient on the merits, as well. Defendants represent in their response brief that the document Plaintiff seeks was actually filed with the Huntington Circuit Court on June 16, 2016. (DE 59 at 6; DE 59-1). Plaintiff did not respond to this argument, and thus, he apparently does not dispute that he has had access to this document for the past year and a half.

As to Plaintiff's Request for Production of Documents, Defendants had no obligation to respond to that discovery request because it was served on Defendants on June 27, 2017, just three days prior to the close of discovery on June 30, 2017. Federal Rule of Civil Procedure 34(b)(2)(A) affords the party served 30 days to respond to requests for production unless the time is lengthened or shortened by court order. "Discovery requests not filed in sufficient time to allow the opponent to respond within the discovery period are untimely and the opponent is

under no duty to comply." *Gordon v. Ne. REMC*, No. 1:02-CV-171, 2003 WL 21919179, at *2 (N.D. Ind. June 2, 2003) (collecting cases). Because Plaintiff waited until June 27, 2017, to serve this request (which apparently was the only discovery request Plaintiff served in this case (DE 59 at 2)), the request was untimely and Defendants were not obligated to respond to it.

Nor is Plaintiff's request for an extension of time to respond to Defendants' motion for summary judgment on solid ground. Plaintiff's response to the summary judgment motion was due on January 11, 2018, but Plaintiff did not file his motion for an extension of time until January 22, 2018—11 days *after* the due date. Plaintiff does not address this in his motion, much less establish, excusable neglect or good cause for seeking an extension after the due date has passed. *See* Fed. R. Civ. P. 6(b)(1). Therefore, Plaintiff's motion for an extension of time is not well taken.

For all of these reasons, Plaintiff's Motion to Compel and for Extension of Time to Respond to Defendants' Motion for Summary Judgment and for Sanctions (DE 58) is DENIED. Nevertheless, to facilitate the adjudication of Defendants' motion for summary judgment on the merits, the Court *sua sponte* AFFORDS Plaintiff to and including April 25, 2018, to file his response to Defendants' motion for summary judgment. Plaintiff is CAUTIONED that any further requests to extend this deadline will not be granted absent extraordinary circumstances.

SO ORDERED.

Entered this 11th day of April 2018.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge